UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HOSKINS,

                     Plaintiff,

  v.                                                        Case No. 20-cv-874-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                     Defendants.

---

**ORDER REQURING PLAINTIFF TO EITHER PAY FULL CIVIL FILING FEE OR FILE MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND SUBMIT CERTIFIED COPY OF TRUST ACCOUNT STATEMENT**

---

      Plaintiff James Hoskins is no stranger to federal court. Between June 2002 and August 2006, he filed seven cases in the Eastern District of Wisconsin. In at least two of those cases—<u>Hoskins v. Jenkins, *et al.*</u>, 06-cv-867 (E.D. Wis.) and <u>Hoskins v. TCF Bank</u>, 06-cv-868 (E.D. Wis.)—the plaintiff filed motions to proceed without prepaying the filing fee and provided the court with his prisoner trust account statements. He is familiar with that process.

      On June 9, 2020, the plaintiff filed a complaint alleging that the defendants had violated his civil rights. Dkt. No. 1. This was the plaintiff's *third* federal lawsuit filed in the Eastern District in less than two months; he filed Case No. 20-cv-619 on April 16, 2020 and Case No. 20-cv-851 on June 5, 2020. In none of the cases did the plaintiff pay the $400 civil filing fee or file a request to proceed without prepaying that fee or a certified trust account statement. In all three cases, the clerk's office mailed the plaintiff a letter

1

informing him that if he wanted to proceed without prepayment of the filing fee, within twenty-one days of the date of the letter he had to file a request to proceed without prepaying the filing fee, along with a certified copy of his institutional trust account statement for the six months preceding the filing of his lawsuit. Dkt. No. 2. The letter also asked the plaintiff to file the consent/refusal form for magistrate judge authority. Id. In this case, the court received the magistrate judge consent form from the plaintiff on June 18, 2020 but has received nothing else in the more than two months since.

In his complaint in Case No. 20-cv-619, the plaintiff said that he had been in the House of Corrections "for a retail theft since February 26, 2020." Dkt. No. 1 at 1. The publicly accessible docket indicates that a complaint was filed against the plaintiff on February 5, 2020 in Milwaukee County Circuit Court, charging him with retail theft. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov). The docket reflects that as of March 9, 2020, the plaintiff was in the Criminal Justice Facility. Id. It shows that on March 10, 2020, the defendant was turned over to Justice Point for supervision. Id. In a grievance the plaintiff attached to his request to proceed without prepaying the filing fee in Case No. 20-cv-851, the plaintiff stated that he had been arrested again on May 20, 2020. Hoskins v. Milwaukee County Jail, Case No. 20-cv-851 at Dkt. No. 4-1 at 2. In Case No. 20-cv-619, the court issued an order (dated July 27, 2020) giving the plaintiff a deadline by which to file his trust account statement; that order was returned

2

to the court on August 11, 2020 because the plaintiff no longer was at the Milwaukee County Jail. So sometime between May 20 and August 11, 2020, the plaintiff was released from custody but did not provide the court with his new address. The public docket for the state case indicates that on August 18, 2020, the plaintiff appeared via video in state court; the judge scheduled his final pretrial conference for December 15, 2020 and his jury trial for January 20, 2021. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov).

The court cannot take any action in this case until the plaintiff either files a motion asking to proceed without prepaying the filing fee (along with his trust account statement) or pays the full $350 filing fee. When the plaintiff filed this case on Jun 9, 2020, he was in custody, and he had been in custody for a few days in February and March and a portion of May and June. The record in 20-cv-851 indicates that he had money in his trust account while he was in custody. In that case, the plaintiff attached to his motion to proceed without prepaying the filing fee an inmate grievance form for the Milwaukee County Jail dated June 1, 2020. Hoskins v. Milwaukee County Jail, 20-cv-851 at Dkt. No. 4-1 at 1. In the grievance, the plaintiff asserted that he made a purchase from "Armark" at the House of Correction "date of purchase 5/7/20 Price $83.38," and complained that he had not received that purchase. Id. He also complained that "HOC has not returned my funds from canteen purchase that I never received." Id. This shows that in the month prior to the date he filed this case,

3

the plaintiff had funds in his trust account. If he wants to proceed in this case without prepaying the filing fee, he needs to file a motion asking the court to allow him to do that, *and* he needs to file his trust account statement so that the court can figure out his average trust account balance and determine the amount of the required initial partial filing fee.

The court will give the plaintiff a final opportunity to either pay the filing fee or file a motion to proceed without prepaying the fee along with the certified copy of his trust account statement (or a written statement explaining why he cannot do so). If the court does not receive either the filing fee, the motion and trust account statement or a written explanation by the deadline below, the court will dismiss the complaint for failure to comply with the court's order.

The court **ORDERS** that by the end of the day on **September 18, 2020**, the plaintiff must either (1) pay the full civil fee, (2) file a motion asking the court to allow him to proceed without prepaying the filing fee and accompany that motion with a copy of his certified trust account statements from the House of Correction and the Milwaukee County Jail or (3) provide the court with a written explanation for why he cannot provide his trust account statements. The plaintiff must take one of these actions in time for the court to *receive* whatever he files by the end of the day on September 18, 2020. If the court does not receive one of these things—the filing fee, the motion and trust account statement or the written explanation—by the end of the day on

September 18, 2020, the court will dismiss this case for failure to comply with the court's order.

Dated in Milwaukee, Wisconsin this 24th day of August, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**